INTERNATIONAL & GREAT NORTHERN RAILROAD COMPANY AND T. J. FREEMAN, RECEIVER, v. H. P. WYNNE.

Decided October 13, 1909.

**1.—Receivership—Right to Sue Receiver.**

Without regard to the right to sue a receiver without leave of the court appointing him, under the provisions of the Acts of Congress of March 3, 1887, and August 13, 1888, where it is alleged by a plaintiff in a suit against a receiver that the court appointing the receiver had entered an order expressly authorizing and empowering him to defend any and all actions which had been theretofore brought seeking to establish any claim or demand against the property in his hands as such receiver, including the demand of plaintiff, such order was authority for the prosecution of plaintiff's suit against said receiver.

**2.—Same—Plea in Abatement.**

In the absence of a denial under oath by a receiver of the allegation in plaintiff's petition to the effect that plaintiff was authorized by the court appointing the receiver to sue him, it was not necessary for plaintiff to prove said allegation.

**3.—Negligence—Conflicting Evidence—Charge—Assumption of Fact.**

The evidence being conflicting as to whether or not it was the duty of defendant's servant to ascertain the presence of plaintiff under a locomotive before moving the same, it was reversible error for the court to assume in its charge to the jury that the failure of the servant to ascertain that fact was negligence as a matter of law.

Appeal from the District Court of Anderson County. Tried below before Hon. B. H. Gardner.

*King & Morris*, for appellants.—Plaintiff's petition on its face shows that the cause of action, if any he has, is against the International & G. N. R. R. Co., defendant, and not against the defendant T. J. Freeman, Receiver, and the undisputed evidence showing that plaintiff had not obtained permission of the court appointing said receiver to sue this receiver on this cause of action, it was error not to sustain the receiver's objection to being made a party defendant herein. Porter v. Sabin, 149 U. S., 473, L. ed. bk. 37, p. 815; Barton v. Barbour, 104 U. S., 126, L. ed. bk. 26, p. 672; 23 Am. & Eng. Ency. of Law, p. 1123, sec. 2, and authorities cited in note 8.

The court erred in its charge in that it assumed that the failure to ascertain the presence of plaintiff or to warn him of the intention to move the engine and tank under which plaintiff was at work was negligence. Whether or not such failure to ascertain the presence of plaintiff and to warn him of the intention to move said engine was negligence was the principal issue in the case, and it was error for the court to assume that it was negligence. Dillingham v. Parker, 80 Texas, 572; Galveston, H. & S. A. Ry. v. Davidson, 61 Texas, 204; Houston & T. C. Ry. v. Nixon, 52 Texas, 27; Missouri Pac. Ry. v. Christman, 65 Texas, 369; Texas Cent. Ry. v. Waldie, 101 S. W., 517; Dallas & O. C. El. Ry. v. Harvey, 27 S. W., 423; Missouri, K. & T. Ry. v. Sparks, 35 S. W., 745; St. Louis S. W. Ry. v. Smith, 63 S. W., 1064; Dallas Con. El. St. Ry. v. Ely, 91 S. W., 887.

*Campbell, Sewell & Strickland,* for appellee.—A receiver of a railroad corporation is a proper party to a suit for damages for injuries sustained from negligence of the railroad company prior to the receiver's appointment, and it is not necessary to secure permission from the court appointing him as such receiver in order to maintain a suit against him as such, especially where it is not sought to disturb the property in his hands or to control the due administration thereof by the court appointing him, and the only relief asked as against such receiver being that the judgment be certified to the court by whom he was appointed, for classification and payment, in due course of administration.   Acts of Congress, 1887, 24 stat., p. 554; 1888, stat. 25, p. 436; art. 1483, Rev. Stats. of Texas; Dallas Consol. Trac. Ry. Co. v. Hurley, 31 S. W., 73-76; Howe, Receiver, v. Harding, 76 Texas, 17-24; Abbey v. International & G. N. Ry. Co., 23 S. W., 934; Fordyce v. DuBose, 26 S. W., 1051; San Antonio & A. P. Ry. v. Adams, 24 S. W., 840; Gableman v. Peoria D. & E. Ry. Co., 179 U. S., 335.

The court did not err in his charge to the jury, because the facts constituting negligence in the case at bar are undisputed, and are such that reasonable minds may draw but one conclusion from them, and that one of negligence.   Mexican N. R. Co. v. Finch, 27 S. W., 1028; San Antonio & A. P. Ry. Co. v. Hodges, 120 S. W., 848; El Paso & S. R. Co. v. Darr, 93 S. W., 166; Bonn v. Galveston, H. & S. A. R. R. Co., 82 S. W., 808; Texas Mex. Ry. Co. v. Higgins, 99 S. W., 200; Gulf, C. & S. F. R. R. Co. v. Gasscamp, 69 Texas, 546; Sanchez v. San Antonio & A. P. Ry. Co., 30 S. W., 431; Haass v. Galveston, H. & S. A. Ry. Co., 57 S. W., 855; Galveston, H. & S. A. Ry. Co. v. Michalke, 37 S. W., 480; LaBrie v. Cartwright, 118 S. W., 786; Lone Star Brewing Ass'n v. Willie, 114 S. W., 186; International & G. N. R. R. Co. v. Wray, 96 S. W., 75; Houston & T. C. R. Co. v. Blan, 62 S. W., 552.

NEILL, ASSOCIATE JUSTICE.—This suit was brought by the appellee against the appellant railroad company and Thomas J. Freeman in his official capacity as its receiver to recover damages against the company for personal injuries alleged to have been inflicted by the negligence of its servants.   The defendant, Freeman, answered by a general demurrer, and by special exception to the effect that it is apparent from the petition that the alleged cause of action accrued before he was appointed receiver of the company, and it does not appear from the allegations that plaintiff procured permission of the court in which the receivership is pending to sue him.   Freeman then answered that the alleged cause of action arose before his appointment, and that plaintiff had not been granted authority to make him a party to this action.   Each defendant pleaded a general denial.

The general and special exceptions were overruled, and the trial resulted in a verdict and judgment in favor of the plaintiff for the sum of $15,000.   It was ordered that the judgment entered on the verdict be certified for classification and payment to the Circuit Court of the United States, wherein the receivership is pending.

*Opinion.*—The first and second assignments of error complain of

the court's overruling the general and special exceptions to plaintiff's petition; and the third, that the verdict against the receiver is contrary to the evidence in that it conclusively shows that the cause of action arose long before his appointment, and that the suit is not in respect to any act or transaction of the receiver in carrying on the business of the railroad company as its receiver, it not appearing that plaintiff had previously to filing the suit obtained an order of the court wherein the receivership was pending, to sue the receiver.

In determining the two first assignments we deem it unnecessary to decide whether, under the Act of Congress of March 3, 1887, as corrected by the Act of August 13, 1888, sec. 3, 24 U. S. St., 436, a receiver can be sued without leave of the court for an alleged wrongful act committed in the operation of the road before he became receiver. For if it should be conceded that leave in this case for the plaintiff to sue the receiver was essential; yet if, as is alleged in plaintiff's petition, the court appointing the receiver entered an order expressly authorizing and empowering him to defend any and all actions which had been theretofore brought seeking to establish any claim or demand against the property in his hands as such receiver, including the demands of plaintiff, such order, regardless of the statute cited, was ample authority for the prosecution and maintenance of this suit against Freeman in his capacity of receiver of the railroad company. (I Elliott on Railroads (2nd ed.) sec. 571.) We, therefore, hold that the petition was good as against the exceptions referred to.

In regard to the third assignment, we deem it sufficient to say that, as the allegations in plaintiff's petition respecting his right to prosecute his action against the receiver were not denied by the defendant Freeman under oath as required by statute (Rev. Stats., 1895, art. 1265) it was not necessary for plaintiff to prove them. (Townes on Pleading, 299.)

The fourth assignment of error complains of this paragraph of the court's charge:

"The undisputed facts in the case show that H. P. Wynne, the plaintiff, an air-brake machinist in the employ of the defendant railroad company, was at work in discharge of his duty as such air-brake machinist under the tank of engine No. 258 when said engine and tank was caused to move and run over and crush plaintiff's hand, thereby causing amputation. Now you are charged that if you find from the preponderance of the evidence that said injury was caused by the failure of the employees so causing said engine to move to ascertain the presence of plaintiff under said tank or to warn him of the intention to move said engine and tank, and if you further find that such failure to ascertain the presence of plaintiff or to warn him of the intention to move, if there was such failure, was the direct and proximate cause of the injury to plaintiff, then you will find for the plaintiff, otherwise you will find for the defendant."

The evidence shows that the plaintiff went under the tank without the knowledge of defendant's servant who moved or caused the movement of the engine to which it was attached; and that, from the time he went under it until the engine was moved, such servant did not know, or have any reason to suspect he was there. As to

whether it was the servant's duty to ascertain the presence of plaintiff under the tank or warn him of his intention to move the engine and tank, the evidence is conflicting. If the uncontradicted evidence showed that such was the servant's duty his failure to discharge it would be negligence. But such is not the state of the evidence. Therefore, the question of whether the failure of the servant, who moved or caused the engine to move, to ascertain the presence of ·plaintiff under the tank or to warn him of his intention to move the engine and tank was negligence, was one of fact which should have been submitted to the jury. This the charge fails to do; but, in effect, assumes it was negligence as a matter of law. In this the charge is clearly erroneous.

The remaining assignment complains that the verdict is excessive. As the judgment will be reversed for reason of the error indicated, the question raised becomes purely academic, and will not be considered. Reversed and remanded.

*Reversed and remanded.*